**AFFIRM; Opinion issued April 11, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-12-00624-CR**

**SANDRA DIAZ, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the County Criminal Court No. 6
Dallas County, Texas
Trial Court Cause No. M-2010-11336

## OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Francis

Sandra Diaz appeals her conviction for driving while intoxicated. After her motion to suppress was denied, appellant entered a negotiated guilty plea. The trial court found her guilty and assessed punishment at 150 days, probated for eighteen months, and a $900 fine. In a single issue, appellant claims the trial court erred by denying her motion to suppress. We affirm.

Around 1:30 in the morning on Wednesday, June 2, 2010, Addison police officer Scott Marshall was driving west on Beltline Road when he saw a car with its hazard lights flashing and the driver side door open. The car was stopped on Quorum Road, and the driver, later identified as appellant, was standing outside the car. Marshall turned his police car onto Quorum Road and, activating his overhead lights, pulled behind the stopped car. Although he did not see any damage on the rear of the car, Marshall could not see the front of the car, nor could he tell if the

car had a flat tire or was leaking any fluid. He heard appellant speaking to someone but did not see anyone in the car. Appellant looked at Marshall, got in the car, and drove off with the hazard lights still flashing. Marshall activated his siren and began following the car. Appellant eventually stopped the car in a nearby parking lot and was subsequently arrested for driving under the influence of alcohol. She filed a motion to suppress the evidence obtained as a result of the traffic stop. After a hearing, the trial court denied her motion to suppress.

In a single issue, appellant contends the trial court erred by denying her motion to suppress because the traffic stop that resulted in her arrest was not a reasonable exercise of the community caretaking function. Appellant concedes Officer Marshall was primarily motivated by his community caretaking function but nevertheless argues Marshall's belief that appellant needed his help was not reasonable based on the totality of the circumstances.

When reviewing a trial court's ruling on a motion to suppress, we give great deference to the trial court's findings of historical facts. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003). We review de novo mixed questions of law and fact that do not turn on an evaluation of credibility and demeanor. *Id*.

The Fourth Amendment of the United States Constitution proscribes all unreasonable searches and seizures. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). Searches and seizures conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject to a few specifically established and well-delineated exceptions. *Id*. One such exception is known as the "community caretaking" exception to the warrant requirement; under this exception, a police officer may stop and assist an individual whom a reasonable person, given the totality of the circumstances, would believe is in need of help. *Wright v. State*, 7 S.W.3d 148, 151 (Tex. Crim. App. 1999).

The community caretaking function is totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute. *Corbin v. State*, 85 S.W.3d 272, 276–77 (Tex. Crim. App. 2002). The officer must be primarily motivated by his community caretaking function and must have a reasonable belief that the defendant needs help. *Id*. at 277. In evaluating whether an officer reasonably believes a person needs help, courts may look to a list of four non-exclusive factors: (1) the nature and level of the distress exhibited by the individual; (2) the location of the individual; (3) whether or not the individual was alone and/or had access to assistance other than that offered by the officer; and (4) to what extent the individual, if not assisted, presented a danger to herself or others. *Wright*, 7 S.W.3d at 152. While the first factor is generally given the greatest weight, it is not always dispositive. *Gonzales*, 369 S.W.3d at 855. "A particular level of exhibited distress may be seen as more or less serious depending on the presence or absence of the remaining three factors." *Corbin*, 85 S.W.3d at 277. The presence of unique circumstances may swing the balance the other way. *Gonzales*, 369 S.W.3d at 855.

Under the first factor, Marshall testified the car was stopped on the road, although pulled off to the side, with the hazard lights flashing and the door open. He said he could not determine the exact nature or level of distress appellant exhibited because shortly after he pulled behind her car, she got in the car and left. Courts have never required an officer to know, with any degree of certainty, the specific distress the individual may be suffering. *See id*. at 856. The first factor is not dispositive, however, so we consider the other factors.

It was 1:30 in the morning, on a road with light traffic. Marshall stated that while there is not much violent crime in that area, nonviolent crime does occur. Appellant's car had been stopped with the hazard lights flashing, a circumstance that typically indicates to others that the

driver of the car is experiencing difficulties. The area has retail stores as well as some restaurants and bars; however, it is unlikely many would be open at that hour on a Wednesday morning. Although Marshall heard appellant talking, he could not see anyone else in the car. Appellant's location, the time of night, and the light traffic significantly limited her access to other assistance. Furthermore, it appeared appellant was alone. Finally, appellant got in her car and left with the hazard lights still flashing which would, under normal circumstances, indicate an on-going situation or problem.

Appellant concedes Marshall was primarily motivated by his community caretaking function. After examining the record and considering all the factors, we conclude the evidence supports the trial court's conclusion that Marshall reasonably believed appellant needed help under the circumstances. Marshall's stop of appellant's vehicle was justified under the community caretaking function based on the totality of the circumstances. The trial court did not abuse its discretion by denying appellant's motion to suppress. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120624F.U05

4



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SANDRA DIAZ, Appellant

No. 05-12-00624-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 6, Dallas County, Texas
Trial Court Cause No. M-2010-11336.
Opinion delivered by Justice Francis,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 11, 2013.

/Molly Francis/

MOLLY FRANCIS
JUSTICE